[Civ. No. 26184. First Dist., Div. Three. July 24, 1970.]

L. E. WEISENBURG, JR., Plaintiff and Respondent, v.
LEROY B. THOMAS et al., Defendants and Appellants.

---

**COUNSEL**

Harold R. Martin for Defendants and Appellants.

Low & Ball, Raymond Coates, Meis, Hill & Sager and Steven T. Sager for Plaintiff and Respondent.

---

**OPINION**

**CALDECOTT, J.**—Defendants, Leroy B. Thomas and Jean G. Thomas, appeal from a judgment awarding plaintiff-respondent, L. E. Weisenburg, Jr., damages for breach of contract.

Defendants, owners of 310 acres on Bethel Island, contracted with respondent for the development of a marina on the property. A written agreement entitled "Land Development Agreement" was signed by Leroy B. Thomas and L. E. Weisenburg, Jr., but not by Jean G. Thomas, and the appellants also executed an option relative to the sale of the land to a corporation to be formed.

Appellants contend that the trial court erred in admitting parol evidence to establish another and different oral agreement contrary to the written agreements of the parties. Appellants contend that the parol evidence rule prohibits the introduction of evidence of negotiations prior to the signing of the instruments in question. ■ "The rule comes into operation when there is a single and final memorial of the understanding of the parties. When that takes place, prior and contemporaneous negotiations, oral or written, are excluded; or, as it is sometimes said, the written memorial supersedes these prior or contemporaneous negotiations." (*Estate of Gaines,* 15 Cal.2d 255, 265 [100 P.2d 1055]; see also *Harrison* v. *McCormick,* 89 Cal. 327, 330 [26 P. 830]; *Jennings* v. *Petrol Corp.,* 87 Cal.App.2d 63, 65 [195 P.2d 899].)

Respondent contends there was a joint venture agreement between the parties that consisted of the written documents and certain oral agreements, and that parol evidence was admissible to prove the oral agreements and the intention of the parties as to the written documents.

Respondent maintains the trial court correctly admitted parol evidence because an issue in the case was whether the written agreements constituted the final integrated agreement of the parties, citing *Schwartz* v. *Shapiro,* 229 Cal.App.2d 238, 251 [40 Cal.Rptr. 189] and *Masterson* v. *Sine,* 68 Cal.2d 222 [65 Cal.Rptr. 545, 436 P.2d 561].

In *Schwartz* the court stated at page 250: "Where there has been a partial integration, parol evidence is admissible to prove that part of the contract not reduced to writing but is not admissible to vary or contradict that part which is. [Citations]" ■ As stated in *American Industrial Sales Corp.* v. *Airscope, Inc.,* 44 Cal.2d 393, at p. 397 [282 P.2d 504, 49 A.L.R. 2d 1344], cited in *Schwartz*: "It has long been the rule that when the parties have not incorporated into an instrument all of the terms of their contract, evidence is admissible to prove the existence of a separate oral agreement as to any matter on which the document is silent and which is not inconsistent with its terms. [Citations]" In *Masterson* v. *Sine, supra,* at page 225, the court stated, "When the parties to a written contract have agreed to it as an 'integration'—a complete and final embodiment of the terms of an agreement—parol evidence cannot be used to add to or vary its terms. [Citations] When only part of the agreement is integrated, the same rule applies to that

part, but parol evidence may be used to prove elements of the agreement not reduced to writing. [Citations]"

In the instant case, the joint venture agreement found by the court was inconsistent, in several respects, with the written documents signed by the parties. In the Land Development Agreement executed by Leroy B. Thomas and L. E. Weisenburg, Jr., it was provided that Thomas would grant an option to purchase his property to a corporation to be formed, in which both men would be the principal stockholders. The option agreement that was signed stated that the Thomases granted the option to Delta Lakes, Inc., a California corporation. (The corporation's name was changed to Delta Coves by agreement of the parties.) The court found that by the terms of the joint venture, established by the extrinsic evidence, the appellants were to convey their property to the co-venturers. It was also testified that under the terms of the joint venture the appellants were to contribute one-half of whatever monies the joint venture might require. However, the Land Development Agreement provided that Leroy B. Thomas and L. E. Weisenburg, Jr. were to each purchase $5,000 worth of the stock which the corporation would issue. The signed agreement also provided that the corporations to be formed were those "necessary to carry on the development and sale" of the property involved. However, testimony was admitted that the corporation was formed by appellants and respondent solely for the tax advantages to be derived from its use by the parties and that it was not intended by them to be a real, operating factor in their joint venture or the development. It was found that appellants breached the joint venture by failing to give respondent control over the development of the joint venture. Jean G. Thomas was found by the court to be a joint venturer, while the only document signed by her was the option agreement in which she was classified as a seller of the land. Thus extrinsic evidence was admitted that varied or contradicted the terms of the written agreement.

Respondent also contends that Leroy B. Thomas testified that the Land Development Agreement was merely an outline of the agreement between the parties, not their complete and final agreement and thus parol evidence was admissible to show the true and correct agreement between the parties. However, an examination of the citations to the record does not support this contention.

Respondent further contends that appellants' answers to the complaint alleged the documents were vague and uncertain and that at trial Leroy B. Thomas testified that the documents contained latent and extrinsic ambiguities. Respondent contends that extrinsic evidence was admissible to show the existence of this ambiguity and to determine the meaning intended by the written contract.

In *Pacific Gas & Elec. Co.* v. *G. W. Thomas Drayage etc. Co.,* 69 Cal.2d 33, at p. 37 [69 Cal.Rptr. 561, 442 P.2d 641], the court stated: "The test of admissibility of extrinsic evidence to explain the meaning of a written instrument is not whether it appears to the court to be plain and unambiguous on its face, but whether the offered evidence is relevant to prove a meaning to which the language of the instrument is reasonably susceptible." (See also *Delta Dynamics, Inc.* v. *Arioto,* 69 Cal.2d 525 [72 Cal.Rptr. 785, 446 P.2d 785]; *Diamond* v. *Insurance Co. of North America,* 267 Cal. App.2d 415 [72 Cal.Rptr. 862].) This test raises the question as to whether the rule prohibiting extrinsic evidence from varying, adding to or detracting from the terms of the agreement that have been reduced to writing still applies.

In *Pacific Gas & Elec. Co., Delta Dynamics* and *Diamond* no attempt was made to vary the terms of the written agreement. The point at issue was a determination of the meaning of a word or phrase used in the written contract. There was no issue of a collateral oral agreement, and no need to restate the rule in question. (However, in *Pacific Gas & Elec. Co.* the court did restate the rule, although it was not essential to the case.) Thus neither *Pacific Gas & Elec. Co., Delta Dynamics* nor *Diamond* has changed the rule prohibiting extrinsic evidence from varying, adding to or detracting from the terms of the contract that have been reduced to writing. Here, however, the trial court did admit extrinsic evidence, not for the limited purpose of determining the meaning of the contract, but to vary, add to, or detract from, the terms that have been reduced to writing.

■ The court in admitting extrinsic evidence that varied or contradicted the terms of the written contracts and then basing material findings of fact upon this improperly admitted evidence committed reversible error.

Respondent finally argues that a joint venture may be formed orally, even though it pertains to real property, and that even though the joint venture is clothed in a corporate form, through the execution of written documents, the parol evidence rule does not apply and the joint venture can be proven by extrinsic evidence. Respondent relies upon *Foster* v. *Keating,* 120 Cal. App.2d 435 [261 P.2d 529] and *San Francisco Iron etc. Co.* v. *American Mill. etc. Co.,* 115 Cal.App. 238 [1 P.2d 1008]. However, in both cases cited, the joint venture agreement was not contrary to the written documents and thus the cases are not applicable here.

Appellants further contend that respondent's original complaint was entirely based on two written agreements and that in the amended complaint respondent was permitted to shift to a written and oral agreement and this was prejudicial error. This contention is without merit. *Billings* v. *Rexford Park Apts.,* 244 Cal.App.2d 317 [52 Cal.Rptr. 914], relied upon by appel-

lants, holds that a party by an amended pleading cannot avoid a fatal defect that existed in an original complaint. In that case the amended complaint merely omitted, without explanation, facts contained in the original complaint which established that plaintiff had no cause of action against the defendant. The other cases relied upon by appellants are also distinguishable on their facts.

In the present case the rulings by the court, following the filing of demurrers and motions to strike by defendants, reveal that the court held that the original pleadings stated causes of action but that the pleadings were subject to special demurrers. One of the grounds urged for sustaining the demurrer was that the cause of action was based upon a contract or contracts and it could not be ascertained whether the contract was in writing or was oral. The demurrers were sustained partially on this ground.

It is thus quite apparent that in amending his complaint to base recovery on an oral and written joint venture agreement respondent was doing just what appellants requested by their demurrers. Such a change is nothing more than a change in the form of contractual obligation alleged. Further, both complaints alleged a joint venture agreement.

Thus respondent was not bound by pleading only the written agreements in his original complaint, and the court did not err in allowing him to amend to allege a written and oral agreement.

In view of our conclusions relative to the admissibility of the parol evidence, the other points raised by the parties need not be discussed.

The judgment is reversed.

Draper, P. J., and Brown (H. C.), J., concurred.

A petition for a rehearing was denied August 21, 1970, and respondent's petition for a hearing by the Supreme Court was denied September 24, 1970.