464

David W. ALLARD, Jr., Trustee of the Debtor Estate of DeLorean Motor Company, a Michigan Corporation, Plaintiff–Appellant,

v.

John Z. DeLOREAN and Christina C. DeLorean, Defendants,

and

Howard L. Weitzman, Defendant–Appellee.

No. 88–5541.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 3, 1989.

Decided Aug. 31, 1989.

Judy B. Calton, Honigman Miller Schwartz and Cohn, Detroit, Mich., for plaintiff-appellant.

Howard L. Weitzman, Wyman Bautzer Kuchel & Silbert, Richard S. Berger, Gendel, Raskoff, Shapiro & Quittner, co-counsel, Los Angeles, Cal., for defendant-appellee.

Before FLETCHER, NELSON and NORRIS, Circuit Judges.

NELSON, Circuit Judge:

David W. Allard, Jr., the trustee of the debtor estate of DeLorean Motor Company, appeals the district court's judgment against Allard on his claim that John Z. DeLorean's transfer of real property located in San Diego to Attorney Howard Weitzman as compensation for Weitzman's legal services rendered to DeLorean should be set aside as fraudulent under the California Fraudulent Conveyance statute, Cal.Civ. Code §§ 3439 *et seq.*

We dismiss this case as moot and remand this case to the district court to decide whether the judgment below should be vacated.

*FACTS AND PROCEDURAL HISTORY*

In 1982, the DeLorean Motor Company (DMC) filed for bankruptcy under Chapter 11 in the bankruptcy court in the Eastern District of Michigan. The Chapter 11 case was converted into a Chapter 7 case and David W. Allard, Jr. (Allard) was appointed as trustee. In 1983, Allard initiated an adversary proceeding against John Z. DeLorean (DeLorean) and Christina DeLorean (Christina) seeking the turnover of the debtor estate's property and damages (the Michigan case).

On October 19, 1982 DeLorean was arrested and charged with conspiring to distribute cocaine. DeLorean retained the law firm of Hufstedler, Miller, Carlson & Beardsley (the Hufstedler firm) which retained Howard Weitzman (Weitzman) to aid in the defense of DeLorean's criminal case. The Hufstedler firm billed its time to DeLorean on an hourly basis. DeLorean deposited a retainer of over a million dollars with the Hufstedler firm to be drawn on for expenses incurred in defending his criminal case.

Thereafter, Weitzman took over the defense of DeLorean's criminal case. DeLorean and Weitzman initially agreed that Weitzman would draw on the retainer that had been deposited with the Hufstedler firm and that DeLorean would pay any additional costs. After the retainer was depleted, DeLorean executed and delivered to Weitzman, on July 26, 1983, a negotiable promissory demand note in the amount of 2.5 million dollars, which was secured by a deed of trust on DeLorean's ranch in San Diego (the Pauma Valley property) to pay for Weitzman's past and future legal services to DeLorean. On March 6, 1984, DeLorean executed and delivered a quitclaim deed to Weitzman on the Pauma Valley property.

On April 13, 1983, Allard, the trustee, filed this suit against Weitzman, DeLorean and Christina, seeking to set aside the Pauma Valley conveyance on the ground that the transfer was fraudulent as to DeLorean's creditors (Pauma Valley case). During trial, both parties presented evidence regarding the value of DeLorean's assets and liabilities on July 26, 1983, and March 6, 1984, to determine whether DeLorean was solvent when he made the conveyances to Weitzman.

On March 28, 1987, the district court in a bench opinion found in favor of Weitzman and DeLorean. The court determined that the Pauma Valley conveyance constituted fair consideration for the value of Weitzman's legal services to DeLorean, the conveyance was not made with the intent to defraud DeLorean's creditors, and DeLorean was solvent when he conveyed the Pauma Valley property to Weitzman. On November 24, 1987, the court entered judgment in favor of the defendants. Allard timely appealed.

Before judgment was entered in the Pauma Valley case, however, Allard and DeLorean negotiated a settlement of their dispute. The settlement agreement between Allard and DeLorean was entered as an order by the district court in the Michigan case and approved by the Michigan bankruptcy court which was presiding over DMC's bankruptcy. The settlement agreement essentially provided that DeLorean would pay Allard over 9 million dollars.

Thereafter, the district court in the Pauma Valley case, pursuant to a stipulation

entered into between Allard and DeLorean, ordered a dismissal with prejudice of Allard's suit, and vacated the November 24, 1987 judgment. Weitzman did not sign the stipulation and the district court's dismissal order did not address Allard's claim against Weitzman. On March 28, 1989, DeLorean paid Allard the balance of over $9 million that he owed him pursuant to the settlement agreement and Allard executed and filed a full satisfaction of the judgment.

## ANALYSIS

### A. Mootness

Weitzman contends that we should dismiss this case as moot because Allard is no longer a creditor of DeLorean and therefore does not have an interest in the outcome of this case. We agree.

■ A case is moot if it has lost its character as a present live controversy. *Aguirre v. S.S. Sohio Intrepid,* 801 F.2d 1185, 1189 (9th Cir.1986). If events subsequent to the filing of an appeal moot the issues presented in a case, no justiciable controversy is presented. *Id.* (citing *Flast v. Cohen,* 392 U.S. 83, 95, 88 S.Ct. 1942, 1950, 20 L.Ed.2d 947 (1968)). This court has no jurisdiction to hear a case that cannot affect the litigant's rights. *North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971); *Aguirre,* 801 F.2d at 1189.

■ California's Uniform Fraudulent Conveyance Act (the Act) provides creditors with the right to have a fraudulent conveyance set aside under certain circumstances. *See* Cal.Civ.Code § 3439.06–3439.-10. Under the Act a creditor is defined as a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent. Cal.Civ.Code § 3439.01 (repealed stats. 1986 c. 383, § 1). An individual with a contingent claim for damages is a "creditor" within the meaning of Cal.Civ.Code § 3439.01. *Estate of Blanco,* 86 Cal.App.3d. 826, 831, 150 Cal.Rptr. 645, 648 (1978). A plaintiff is not entitled to the remedy of setting aside a fraudulent conveyance unless he has shown that he is a creditor. *See* Cal.Civ.Code § 3439.06–3439.10; *Weisenburg v. Cragholm,* 5 Cal.3d 892, 897, 97 Cal.Rptr. 862, 489 P.2d 1126 (1971) (stating that because plaintiff was no longer defendant's creditor, he was not entitled to the remedy of setting aside the defendant's transfers as fraudulent).

■ Here, Allard is attempting to set aside DeLorean's transfer of the Pauma Valley property to Weitzman. Allard originally was a creditor in this action because, as the plaintiff in the Michigan case, Allard had a contingent claim against DeLorean. *See Blanco,* 86 Cal.App.3d at 831, 150 Cal. Rptr. at 648 (stating that an individual with a contingent claim is a "creditor"); 2 Collier On Bankruptcy § 323 (15th ed.) (stating that a trustee, as the representative of the bankrupt estate, may bring an action to protect the interests of the estate and its creditors). The parties agree that Allard is no longer a creditor in this action because pursuant to the stipulation between Allard and DeLorean, on March 28, 1989, Allard executed and filed a full satisfaction of judgment after DeLorean paid Allard 9 million dollars. Because Allard is not entitled to the remedy of setting aside DeLorean's conveyance to Weitzman as fraudulent, *see Weisenburg,* 5 Cal.3d at 897, 97 Cal.Rptr. 862, 489 P.2d 1126, he does not have an interest in the outcome of this appeal. *See Rice,* 404 U.S. at 246, 92 S.Ct. at 404; *Aguirre,* 801 F.2d at 1189; *accord Matter of Combined Metals Reduction Co.,* 557 F.2d 179, 190–93 (9th Cir.1977) (stating that action challenging transfer of property was moot when court could not afford the appellant relief by voiding transfer of property). Accordingly, this appeal is moot. *See Rice,* 404 U.S. at 246, 92 S.Ct. at 404; *Aguirre,* 801 F.2d at 1189.[1]

### B. Vacatur

Allard contends that if this appeal is dismissed as moot, we should vacate the

---

1. Allard argues this appeal is not moot because the underlying issues could possibly be litigated in malicious prosecution actions by DeLorean and Weitzman. We disagree.

Collateral consequences of a judgment may forestall the mootness of a case. Wright, Miller & Cooper, 13A *Federal Practice and Procedure,* § 3533.2. To establish a malicious prosecution

district court's judgment because Allard will suffer adverse consequences from the collateral effects of the lower court's judgment. We disagree.

The Supreme Court has stated that when an appeal is dismissed as moot, the established practice is for the appellate court to reverse or vacate the judgment below and dismiss the case. *United States v. Munsingwear, Inc.,* 340 U.S. 36, 39, 71 S.Ct. 104, 106–07, 95 L.Ed. 36 (1950); *see Karcher v. May,* 484 U.S. 72, 108 S.Ct. 388, 395, 98 L.Ed.2d 327 (1987). Vacating the lower court's order clears the path for future relitigation of the issues between the parties and eliminates the collateral effect of a judgment not benefited by appellate review. *Karcher,* 108 S.Ct. at 395; *Munsingwear,* 340 U.S. at 40, 71 S.Ct. at 107.

However, in determining whether to vacate the lower court's judgment when a case has become moot on appeal, we have found relevant the distinction between litigants who are responsible for rendering their case moot and those who are not. *Ringsby Truck Lines, Inc. v. Western Conference of Teamsters,* 686 F.2d 720, 721 (9th Cir.1982); *see Karcher,* 108 S.Ct. at 395. We have stated an exception to the *Munsingwear* procedure in cases in which the appellant by his own act has caused the dismissal of the appeal as moot. *Ringsby,* 686 F.2d at 721–22. The rationale behind this exception is that a dissatisfied litigant should not be allowed to destroy the collateral consequences of an adverse judgment by destroying his own right to appeal. *Id.* at 721. In such cases, it is appropriate for the district court to balance the consequences and attendant hardships "between the competing values of finality of judgment and right to relitigation of unreviewed disputes" to determine whether the

judgment below should be vacated. *Id.* at 722.

 Here, Allard, the appellant, entered into a settlement with DeLorean after the district court entered a decision against Allard. Weitzman took no part in the settlement. Allard's settlement with DeLorean rendered this appeal moot, thereby precluding our review of the district court's decision. Because Allard was responsible for rendering this appeal moot, this case falls within our holding in *Ringsby* and it is inappropriate for us to automatically vacate the lower court's judgment. *Id.* at 722. Instead, the district court should balance the competing interests of the parties in order to determine whether the judgment below should be vacated. *Id.*

DISMISSED as moot and REMANDED to the district court to determine whether the district court's judgment should be vacated.

cause of action under California law, a plaintiff must plead and prove that the prior action 1) was commenced at the direction of the defendants, 2) brought without probable cause and 3) initiated with malice. *Silver,* 211 Cal.App.3d 17, 22; 259 Cal.Rptr. 185, 187 (1989). Although there may be some overlap, a malicious prosecution case against HMS & C would involve different issues and a different adversarial setting than this case. Balanced against this is the prohibition against an Article III court deciding a case

in which there is no justiciable controversy. *See Flast,* 392 U.S. at 95, 88 S.Ct. at 1949–50; *Aguirre,* 801 F.2d at 1189. This court cannot grant Allard the relief he requests because, as the parties agree, Allard is no longer a creditor under the Act. *See* Cal.Civ.Code § 3439 *et seq.* Under the circumstances, Allard's apprehension regarding a malicious prosecution action is too remote a consequence to forestall the mootness of this appeal.