56 F.3d 73
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 TAFT TELECOMMUNICATIONS, INC.; Everything Electric, Inc.,
Plaintiffs-Appellees,
v.
TRANSCONTINENTAL INSURANCE COMPANY, Defendant-Appellant.
 No. 93-56532.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 5, 1995.
Decided June 2, 1995.
 
 Before: NOONAN, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Transcontinental Insurance Company appeals from the district court's grant of summary judgment to Taft Telecommunications, Inc. Because we are persuaded that this appeal is moot, we do not reach the merits of Transcontinental's claim.
 
 
 3
 At issue in this action is Transcontinental's duty to defend its insured, Taft, in a suit filed against it by PacTel Mobile Access ("PacTel"). As the facts make clear, PacTel's suit against Taft ("Taft II") was consolidated with a separate suit that Taft had previously filed against PacTel ("Taft I"). Having so consolidated these actions, the California Superior Court dismissed Taft II.
 
 
 4
 Despite this fact, the litigants in this declaratory judgment action ask us to determine Transcontinental's duty to defend Taft against the complaint filed in Taft II. Taft II has been dismissed. Accordingly, the question of whether Transcontinental has a duty to defend in such action is moot.[1] See Headwaters, Inc. v. Bureau of Land Management, 893 F.2d 1012, 1015 (9th Cir. 1989) ("A case or controversy exists justifying declaratory relief only when 'the challenged [] activity ... is not contingent, [and] has not evaporated or disappeared ..."' (quoting Super Tire Eng'g Co. v. McCorkle, 416 U.S. 115, 122 (1974)); see also Lee v. Schmidt-Wenzel, 766 F.2d 1387, 1389 (9th Cir. 1985) ("Generally, an action is mooted when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." (quotations omitted)).
 
 
 5
 Transcontinental argues that this appeal is not moot. It contends that the California court's initial order dismissing the complaint in Taft II is not a final order and thus cannot be appealed until after judgment is entered in the consolidated action. If the judgment in the consolidated action is adverse to PacTel, Transcontinental suggests, PacTel could appeal the order of dismissal and, if successful, have the initial complaint in Taft II reinstated. Thus, Transcontinental concludes, there is indeed a potentially "live" question -- if the complaint is reinstated, a live controversy will arise regarding Transcontinental's duty to defend against it.
 
 
 6
 Transcontinental's argument is unavailing. If, following the entry of judgment in the consolidated actions, PacTel seeks a review of the dismissal of Taft II, and if a court reverses such dismissal and reinstates the Taft II complaint, only then will there exist a live controversy. Such possibility reflects "too remote a consequence to forestall the mootness of this appeal." Allard v. DeLorean, 884 F.2d 464, 467 n.1 (9th Cir. 1989). Nor does this appeal fall within the category of claims "capable of repetition, yet evading review." See Lee, 766 F.2d at 1390.
 
 
 7
 Transcontinental also argues that the parties stipulated to a dismissal of the related action, Everything Electric v. Transcontinental, No. 93-56620, "believing that the appeal in this case would resolve all of the issues between them." Thus, Transcontinental concludes, "it would work a substantial injustice upon Defendant to conclude that this appeal is moot." [Transcontinental Ltr., Mar. 21, 1995 at 5.] Although Transcontinental may be correct, its argument in no way addresses the fact that this court lacks jurisdiction.
 
 
 8
 We note that this action was not moot when the district court ruled on it, but instead became moot while this appeal was pending. Indeed, the California Superior Court did not dismiss Taft II until December 1, 1994 -- well over one year after the district court entered its judgment on the matter. In such circumstances, we must remand this action to the district court with an order to vacate its judgment. See United States v. Munsingwear, 340 U.S. 36, 39 & n.2 (1950) (established practice where case has become moot on appeal is to "reverse or vacate the judgment below and remand with a direction to dismiss"); see also Allard, 884 F.2d at 467 ("Vacating the lower court's order clears the path for future relitigation of the issues between the parties and eliminates the collateral effect of a judgment not benefited by appellate review.").
 
 
 9
 Accordingly, this case is REMANDED to the district court with instructions to VACATE the judgment below and to DISMISS the action as moot.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 A claim for damages will keep a case from becoming moot where equitable relief no longer forms the basis of a live controversy. See Powell v. McCormack, 395 U.S. 486, 497 (1969). Here, however, the parties seek only a declaratory judgment and costs