Filed 4/26/16  Wichmann v. Superior Court CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| JEFFREY WICHMANN et al., | C077685 |
| Petitioners, | (Super. Ct. No. CV CV 06-72352) |
| v. | |
| THE SUPERIOR COURT OF YOLO COUNTY, | |
| Respondent; | |
| DALE M. WALLIS, | |
| Real Party in Interest. | |

This original proceeding comes after appeal and our remand to the trial court for further proceedings.  Respondents Jeffrey Wichmann and Mary Holmes petition for a writ of mandate directing the trial court to grant their motion for judgment on the pleadings as to equitable relief sought by real party in interest Dale M. Wallis.  Wallis

1

responds, however, that she is entitled to a trial against defendants on those equitable claims. She bases this argument on an improper reading of our decision reversing equitable relief ordered against another defendant. We conclude that Wallis, having lost on her equitable claims against these individual defendants long ago and having failed to assert on appeal that her equitable claims against them were valid, cannot now assert those equitable claims by arguing that our reversal of the court's granting of equitable relief against another defendant necessarily resurrected her equitable claims against these two defendants. We therefore grant the petition of Wichmann and Holmes for a writ of mandate directing the trial court to grant their motion for judgment on the pleadings.

BACKGROUND

This aged litigation goes back to 1994. On October 17, 2013, we filed an opinion affirming in part and reversing in part the judgment. We provide the details of that disposition below. Here, however, we quote the summary of this litigation as provided in that opinion:

"Plaintiff Dale M. Wallis invented an antigen for a bovine mastitis vaccine as part of her duties as an employee of defendant PHL Associates, Inc. (PHL), more than 20 years ago. The vaccine was eventually sold to Upjohn, and this protracted litigation has featured the contest between Wallis and PHL over the benefits related to that sale. A jury concluded that PHL and Wallis agreed that Wallis would own the antigen, but the jury also concluded that PHL committed no fraud relating to the antigen. Instead, the jury concluded PHL committed fraud relating to Wallis's money–$20,000 she paid to PHL and its shareholders (also defendants) to buy stock in PHL. Based on this conclusion, the jury awarded Wallis a total of more than $2 million dollars in compensatory damages and $500,000 in punitive damages. Finding unjust enrichment, the trial court awarded Wallis a constructive trust against PHL of more than $1 million. Both sides appeal[ed]." (*Wallis v. PHL Associates, Inc.* (2013) 220 Cal.App.4th 814, 816 (*Wallis*).)

2

In 1994, Wallis sued PHL, as well as individual defendants Wichmann, Holmes, and Thomas Hanzo. (Hanzo has since passed away, and his estate is not involved in these proceedings.) As of 1998, the fifth amended complaint alleged both legal and equitable claims. The case was tried in 2000. A jury returned verdicts in favor of Wallis and against PHL and the individual defendants on legal issues. As to the equitable issues, the court orally granted the motions of the individual defendants (as relevant here, Wichmann and Holmes) for nonsuit, finding that the evidence did not support the equitable claims against the individual defendants because either there was no constructive trust or there was an adequate remedy at law.

Because there was a pending cross-complaint, judgment was not entered in this case until 2010, ten years after the trial court had granted the motion of Wichmann and Holmes for nonsuit. On the equitable claims, the judgment ordered PHL to pay $671,262 to Wallis. The judgment did not mention the nonsuit order and did not order Wichmann or Holmes to pay anything to Wallis on the equitable claims.

All parties appealed, including Wallis, PHL, and the individual defendants. In her opening brief, Wallis noted that the trial court granted the individual defendants' motion for nonsuit on her equitable claims and acknowledged that her award against the individual defendants was based entirely on her legal claims. The opening brief made no contention that the nonsuit was improperly granted or that the judgment should have included an award against the individual defendants on her equitable claims.

When we filed our opinion, we also noted that nonsuit had been granted in favor of the individual defendants on the equitable claims, and, consistent with Wallis's briefing, we included no further discussion of the individual defendants in relation to the equitable claims. (*Wallis, supra,* 220 Cal.App.4th at p. 821.)

Our summary of the issue presented on appeal stated: "We conclude that (1) the jury's verdict that PHL (and the individual defendant shareholders) committed fraud related to Wallis's money does not support the damages award of more than $2 million;

3

(2) given the required reduction of the fraud damages, the punitive damages award against PHL must also be reduced; (3) the trial court's equitable award must be reversed and remanded for a new trial because the court improperly denied PHL's request for a statement of decision; (4) the trial court erred by offsetting the award of damages to Wallis before computing prejudgment interest; and (5) we need not resolve several additional issues raised by the parties because of how we resolve the issues already mentioned.  [¶]  We therefore modify the judgment as to the jury verdict and remand for recalculation of prejudgment interest, and we reverse and remand the judgment as to the equitable relief."  (*Wallis, supra,* 220 Cal.App.4th at p. 817.)

As noted in our summary of the issues, the reversal of the equitable relief was necessary because the trial court improperly denied defendant PHL's request for a statement of decision.  Nothing was mentioned concerning defendants Wichmann and Holmes.

The disposition provided:  "The judgment as to the jury verdicts is modified to award Wallis $15,000 against PHL, $2,000 against Wichmann, and $1,000 against Holmes in compensatory damages and $150,000 against PHL in punitive damages.  With those modifications, the judgment as to the verdicts is affirmed but remanded for recalculation of prejudgment interest consistent with this opinion.  [¶]  The judgment as to the equitable relief is reversed and remanded for a new trial."  (*Wallis, supra,* 220 Cal.App.4th at pp. 827-828, fn. omitted.)

On remand, Wallis claimed that the reversal of the equitable relief in our opinion deciding the appeal allowed her to seek equitable relief from Wichmann and Holmes on remand.  Disagreeing, Wichmann and Holmes filed a motion for judgment on the pleadings, arguing that Wallis's equitable claims against Wichmann and Holmes are barred as a matter of law because nonsuit was granted on those claims and Wallis did not contend on appeal that those claims were valid.  After a hearing, for which we have no

4

transcript, the trial court entered an order denying the motion for judgment on the pleadings.

Wichmann and Holmes filed a petition for writ of mandate, and we issued an order to show cause.

DISCUSSION

Put simply, Wallis abandoned her equitable claims against Wichmann and Holmes after the trial court orally granted nonsuit. She failed to assert on appeal that those claims were valid, so she cannot now resurrect those claims on remand.

When a party appeals, that party must present all issues to the appellate court that the party desires the appellate court to address. Any issues not raised and argued are deemed abandoned. (*Gonzales v. R. J. Novick Constr. Co.* (1978) 20 Cal.3d 798, 804-805.) Failing to designate and argue parts of the judgment "leave[s] the parts not appealed from unaffected, and it would logically follow that such unaffected parts must be deemed final, being a final judgment of the facts and rights which they determine. The decisions are to the effect that upon such an appeal where the parts not appealed from are not so intimately connected with the part appealed from that a reversal of that part would require a reconsideration of the whole case in the court below, the court upon such partial appeal can inquire only with respect to the portion appealed from." (*Whalen v. Smith* (1912) 163 Cal. 360, 362-363 (*Whalen*).) Reversal of the part appealed from does not affect the part not appealed from. (*Id.* at pp. 363-364.)

Here, the nonsuit in favor of Wichmann and Holmes on Wallis's equitable claims was "not so intimately connected" with the judgment on Wallis's equitable claims against PHL that reversal of the judgment as to PHL "would require a reconsideration of the whole case in the court below." (*Whalen, supra,* 163 Cal. at pp. 362-363.) That conclusion is supported by the conduct of the parties in the appeal. Wallis, in her briefing, mentioned the nonsuit granted against her as to Wichmann and Holmes, but she did not argue that her equitable claims against those individual defendants (on which

5

nonsuit was granted) were intimately connected to her equitable claims against PHL (on which she obtained equitable relief). Also, no party asserted that Wallis's equitable claims against Wichmann and Holmes should be retried.

The effect of our reversal was to place the parties in the same position they were in before the case was tried "with respect to the issues on which we reverse[d] the judgment. [Citations.]" (*Fassberg Construction Co. v. Housing Authority of City of Los Angeles* (2007) 152 Cal.App.4th 720, 758.) Here, PHL sought and received reversal of the equitable relief awarded against it. On the other hand, Wallis did not seek reversal of the denial of equitable relief she claimed against Wichmann and Holmes. Consequently, the opinion and disposition in the appeal cannot be read to grant her such relief.

Despite her acquiescence in the nonsuit and her abandonment of equitable relief against Wichmann and Holmes, Wallis argues that the opinion and disposition in the appeal resurrected her equitable claims against Wichmann and Holmes. She bases this argument on a tortured and meritless application of general rules relating to nonsuit and reversal of a judgment.

Wallis argues that, because an order of nonsuit must be in writing, there was never any nonsuit. "All dismissals ordered by the court shall be in the form of a written order signed by the court . . . ." (Code Civ. Proc., § 581d.) However, Wallis did not make this argument on appeal. Instead, she left unchallenged the trial court's oral grant of nonsuit. On remand, it is too late to assert that the nonsuit should have been in writing, especially since there was a written judgment concerning equitable claims that made an award against PHL but not against Wichmann and Holmes.

Wallis argues that the language of our disposition, reversing and remanding the judgment for a new trial as to equitable relief, allows her to pursue her equitable claims against Wichmann and Holmes. In support of this argument, she cites various general statements about how an unqualified reversal places the parties in the same position as if the cause had never been tried. (See, e.g., *People v. Mattson* (1990) 50 Cal.3d 826, 849;

6

*Weisenburg v. Cragholm* (1971) 5 Cal.3d 892, 896-897 (*Weisenburg*).) However, as noted in *Weisenburg,* "the opinion of the Court of Appeal must be followed as far as applicable." (5 Cal.3d at p. 896.) That is consistent with the authority cited above that a reversal "leave[s] the parts not appealed from unaffected . . . ." (*Whalen, supra,* 163 Cal. at p. 362.) Here, Wallis abandoned her equitable claims against Wichmann and Holmes, so the reversal of the equitable relief ordered against PHL cannot be read to include reversal of the denial of equitable relief as to Wichmann and Holmes.

A disposition in an appellate opinion, and the resulting remittitur, must be read in the context of the prior litigation, the claims made by the parties on appeal, the actions of the parties with respect to the various claims, and the text of the appellate opinion. (*Combs v. Haddock* (1962) 209 Cal.App.2d 627, 631-632 [interpretation of remittitur dependent on opinion].) So read here, the disposition in our appellate opinion does not have the effect of gratuitously resurrecting plaintiff's long-lost and abandoned equitable claims against Wichmann and Holmes.

Wallis argues that we have no power to grant the relief requested because granting such relief would effectively be modifying the decision after we lost jurisdiction to do so. But the argument fails because we are not modifying the decision. As noted throughout this discussion, the disposition and opinion must be read together to define what will happen on remand. When done so here, it is clear that Wallis cannot proceed on her equitable claims against Wichmann and Holmes.

## DISPOSITION

The writ petition is granted. Let a peremptory writ of mandate issue directing the trial court to vacate its order of September 23, 2014, denying the motion of Wichmann and Holmes for judgment on the pleadings, and to enter a new and different order

7

granting the motion for judgment on the pleadings.  Costs are awarded to Wichmann and Holmes.  (Cal. Rules of Court, rule 8.493.)

    NICHOLSON    , Acting P.J.

We concur:

    ROBIE    , J.

    BUTZ    , J.