Filed 2/23/26  Weigold v. Fine CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| MICHAEL WEIGOLD,<br><br>    Plaintiff and Appellant,<br><br>          v.<br><br>VELMA FINE, et al.,<br><br>    Defendants and Respondents. | G064731<br><br>(Super. Ct. No. 30-2014-<br> 00762079)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Aaron W. Heisler, Judge. Affirmed.

Everett L. Skillman, for Plaintiff and Appellant.

Musick, Peeler & Garrett, and Robert A. Bailey for Defendants and Respondents Velma Fine, Wanda Waltrip, and David Yoshida.

Catanese & Wells, and Bradley W. Gould for Thomas Randolph Catanese and Catanese & Wells.

The parties are before this court a second time. In the prior appeal, we reversed a judgment invalidating a trust because of undue influence. Although the trust beneficiaries who purported to exert undue influence included William Rosenstein and appellant Michael Weigold, we reversed the judgment as to Weigold only. We remanded for a merits trial as to Weigold only.

On remand, the claims against Weigold were dismissed with prejudice. Weigold, as a purported trust beneficiary, then filed a petition to recover certain properties he believed were trust assets. Following a bench trial, the trial court denied the petition on the ground that Weigold lacked standing because the prior appeal left intact the finding the trust was invalid because of Rosenstein's undue influence. Weigold appealed.

On appeal, Weigold contends the prior appeal automatically reinstated the trust and thus he has standing to assert the claims in his petition. We disagree. The prior appeal did not address the finding against Rosenstein. Nor is the finding against Rosenstein inextricably intertwined with the finding against Weigold, such that the reversal of one finding necessitated the reversal of the other. Thus, the prior appeal did not automatically reinstate the trust and Weigold lacks standing. Accordingly, we affirm.

STATEMENT OF THE CASE

Loretta J. Nisewander (the decedent) died on March 23, 2014. On December 17, 2014, Rosenstein filed a petition for order confirming ownership of property (Rosenstein's petition). Rosenstein's petition sought an order confirming that monies held in five bank accounts were assets of the Loretta J. Nisewander Trust (the Nisewander Trust), despite being titled in the decedent's name at the time of her death. Rosenstein alleged the trust

2

document identified the bank accounts as trust assets, and stated he believed the decedent's failure to transfer title of the bank accounts to the Nisewander Trust was unintentional. The petition alleged that Rosenstein was the successor trustee and beneficiary of the Nisewander Trust, and that Weigold was the only other beneficiary.

On April 10, 2015, respondents Velma Fine, Wanda Waltrip, and Joyce Jozsa (the Fine parties), as lineal blood decedents of Nisewander, filed their own petition (Fine Petition). The Fine parties were represented by respondents Thomas Randolph Catanese and David Y. Yoshida of Catanese & Wells. The Fine Petition sought an order declaring the Nisewander Trust invalid because, among other reasons, it was the product of undue influence by Rosenstein and Weigold. It attached a copy of the "purported written trust."

Following a bench trial on the Fine Petition, on January 16, 2018, the trial court issued a judgment which stated, among other things, that (1) Rosenstein and Weigold were disqualified as beneficiaries of the Nisewander Trust due to their undue influence, and (2) Rosenstein's petition was moot (2018 judgment). The trial court imposed a constructive trust over all of decedent's assets, appointed Fine as the trustee of the constructive trust, and directed Fine to commence probate proceedings within 30 days of entry of judgment.

The trial court's basis for invalidating the Nisewander Trust and a related will was the presumption of undue influence under Probate Code section 21380.[1] Section 21380 provides in relevant part: "(a) A provision of an

---

[1] All further statutory references are to the Probate Code.

3

instrument making a donative transfer to any of the following persons is presumed to be the product of fraud or undue influence: [¶] (1) The person who drafted the instrument. [¶] (2) A person who transcribed the instrument or caused it to be transcribed and who was in a fiduciary relationship with the transferor when the instrument was transcribed." The trial court found that "Rosenstein and Weigold transcribed the Will and the Trust or caused the Will and the Trust in this case to be transcribed[;] therefore the donative transfers to both of them are presumed to be a result of . . . undue influence."[2]

On February 9, Rosenstein and Weigold appealed the 2018 judgment invalidating the Nisewander Trust. On April 5, the trial court awarded attorney fees and costs to the Fine parties against Rosenstein and Weigold pursuant to section 21380, subdivision (d). That statute provides, "If a beneficiary is unsuccessful in rebutting the presumption [of fraud or undue influence], the beneficiary shall bear all costs of the proceedings, including reasonable attorney fees." (§ 21380, subd. (d).) On May 3, Rosenstein and Weigold also appealed the fees and costs order.

While the appeals on the 2018 judgment and fee award were pending, on January 24, 2019, Rosenstein entered into a global settlement with the Fine parties, in which he agreed to dismiss his appeals from the 2018 judgment and the fee award, and the Fine parties would dismissed Rosenstein from the case; which they did on May 6.

On April 10, 2019, Fine, as trustee of the constructive trust, filed a petition seeking authority to sell a piece of real property, which the trial court ultimately approved, over Weigold's objection. The court also awarded

---

[2] Weigold later waived any claims as a beneficiary under the will.

fees and costs in connection with that petition against Weigold. Weigold appealed on May 3.

On December 20, this court issued its opinion on Weigold's appeal (2019 opinion). (*Fine v. Weigold* (Dec. 20, 2019, Nos. G055974, G056279) [nonpub. opn.].) After noting it had granted Rosenstein's request to dismiss his appeal, the panel agreed with Weigold's contention that there was "insufficient evidence to show he had drafted or transcribed the trust or caused either to be transcribed." (*Ibid.*) The panel "reverse[d] the [2018] judgment as to Weigold and remand[ed] for retrial on the merits of the Fine . . . petition." The panel also reversed the fee award "as to Weigold." (*Ibid.*) Similarly, the disposition reversed the judgment and postjudgment fee order as to Weigold and remanded the matter for retrial on the merits of the amended petition "as to Weigold." (*Ibid.*)

Following issuance of the remittitur, on March 22, 2021, the Fine parties dismissed the remanded claims against Weigold.

On April 2, Weigold filed an amended verified petition (Weigold petition) for instructions seeking, among other things, to recover assets he believed belonged to the Nisewander Trust, including the proceeds from the real property sale and the monies in the five bank accounts. The sole legal basis for disgorgement was Weigold's contention that because the 2019 opinion reversed the 2018 judgment, "(a) the Trust and the Will are reinstated automatically, (b) the constructive trust no longer exists, and (c) [the Fine parties do not] have standing any longer to prosecute probate

proceedings concerning Decedent's estate." The Fine parties and their attorneys were named as respondents.[3]

A bench trial on the Weigold's petition was conducted over several days, beginning on August 8, 2023. After the close of evidence, the trial court sought supplemental briefing on the impact of the 2019 opinion on Weigold's petition. Following supplemental briefing, on August 16, 2024, the court entered judgment against Weigold, denying this petition with prejudice.

In its final statement of decision, the trial court concluded Weigold lacked standing to bring the claims alleged in his petition because the 2019 opinion left undisturbed the findings and conclusion "that the entire Nisewander Trust was invalid as the product of Rosenstein's undue influence." Alternatively, even if Weigold had standing, the court concluded he failed to present persuasive evidence that the bank accounts or real property were trust assets.

On October 2, Weigold timely noticed an appeal from the August 16, 2024 judgment.

DISCUSSION

The trial court denied Weigold's petition based on its interpretation of the 2019 opinion. "Whether the trial court correctly interpreted our opinion is an issue of law subject to de novo review." (*Ayyad v. Sprint Spectrum, L.P.* (2012) 210 Cal.App.4th 851, 859; see also *In re Groundwater Cases* (2007) 154 Cal.App.4th 659, 674 ["The interpretation of the language of a judicial opinion is a legal determination, and it is therefore subject to de novo review"].)

_____

[3] Weigold later dismissed Joyza without prejudice. In his appellate briefing, he explained he dismissed Joyza because she had not received any trust assets.

6

Weigold contends the 2019 opinion automatically reinstated the Nisewander Trust because, pursuant to *Weisenburg v. Cragholm* (1971) 5 Cal.3d 892, 896 (*Weisenburg*), the "legal effect of this Court of Appeal's reversal of the 2018 judgment as to Weigold is that it treated the judgment 'as if it had never been entered.'" (We disagree. Weigold misapprehends the holding in *Weisenburg* because he failed to provide the full quote. The full quote is: "When that judgment was unqualifiedly reversed, however, the effect was the same as if it had never been entered, except that on a retrial the opinion of the Court of Appeal must be followed as far as applicable." (*Id.* at p. at 896.) Here, the 2019 opinion did not unqualifiedly reverse the 2018 judgment. Rather, the 2018 judgment was reversed as to Weigold only. Thus, under *Weisenburg*, the 2018 judgment *against Weigold only* is treated as if it had never been entered.

The legal principle that a reversal of a judgment is limited to the specific party noticing the appeal or the claims raised on appeal is well-established. "As a general rule, where only one of several parties appeals from a judgment, the appeal includes only that portion of the judgment adverse to the appealing party's interest, and the judgment is considered final as to the nonappealing parties." (*Estate of McDill* (1975) 14 Cal.3d 831, 840.) Thus, the judgment against Rosenstein and the findings and conclusions that support that judgment are final and binding in subsequent litigation. Accordingly, the Nisewander Trust is invalid due to Rosenstein's misconduct.

Weigold, however, contends the res judicata effect of the judgment against Rosenstein cannot be applied against him. "Res judicata" has frequently been used as an umbrella term encompassing both claim preclusion and issue preclusion. (*DKN Holdings LLC v. Faerber* (2015) 61

7

Cal.4th 813, 824.) As relevant here, issue preclusion "prohibits the relitigation of issues argued and decided in a previous case, even if the second suit raises different causes of action." (*Ibid.*) "[I]ssue preclusion applies (1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party." (*Id.* at p. 825.) Here, the issue that was previously litigated is the validity of the Nisewander Trust. This issue was actually litigated and necessarily decided in the 2018 judgment, which finally and conclusively adjudicated that the Nisewander Trust was invalid due to Rosenstein's undue influence. Weigold was a party to the prior proceeding resulting in the 2018 judgment. He was on actual notice of the issue, which was addressed extensively in the written statement of decision, and he was or should have been aware that a finding that Rosenstein unduly influenced the decedent into executing the Nisewander Trust would be fatal to his status as a beneficiary under the trust. In sum, the preclusive effect of the 2018 judgment was applicable to Weigold's claims in the instant proceeding.

Weigold also raises several related arguments which we briefly address. He contends Rosenstein had no "authority to contract away Weigold's rights or unilaterally moot Weigold's appeal" by obtaining appellate dismissals. In entering the global settlement, however, Rosenstein only bound himself, not Weigold, to the terms of the agreement. Although the legal effect of Rosenstein's dismissals effectively mooted Weigold's rights as a trust beneficiary, Weigold has not explained why Rosenstein would be prohibited from entering into a global settlement involving only the 2018 judgment and fee award against himself.

8

Weigold suggests the insufficiency of the evidence of undue influence as to himself also applied to Rosenstein. However, even if factually inaccurate, an incorrect final judgment still has preclusive effect. (See *Busick v. Workmen's Comp. Appeals Bd.* (1972) 7 Cal.3d 967, 975, fn. omitted ["'(a)n erroneous judgment is as conclusive as a correct one'"].)

Weigold argues the Fine parties' dismissal of Rosenstein's petition without prejudice following the 2019 opinion left "no adjudication setting aside the Trust of Will." This argument is based on the mistaken premise that the 2019 opinion reversed the entire 2018 judgment. As discussed above, that is not the case. The 2019 opinion and the subsequent dismissal of the Fine Petition resulted in the legal conclusion that Weigold was not guilty of exerting undue influence. However, Weigold's factual innocence does not affect the legal conclusion that the Nisewander Trust is invalid as a result of Rosensten's misconduct. As an analogous example, if Rosenstein had created a document falsely representing that Weigold was a member of the California bar in good standing without Weigold's knowledge or consent, Weigold's factual innocence in creating the forgery would not change the fact the identification was false and that Weigold could not practice law in California. Similarly, even if Weigold did not exercise undue influence over the decedent, that does not change the fact that Rosenstein did exercise undue influence over the decedent resulting in the Nisewander Trust.

Finally, we exercise our discretion to address a related argument raised below and referenced in the appellate opening brief's statement of facts. Weigold contends that if the dismissal of Rosenstein's appeals resulted in the invalidity of the Nisewander trust and mooted his claims, why did the appellate panel address his claims or remand for a new trial? Weigold argues

this fact suggests the 2019 opinion impliedly found the Nisewander Trust was valid or at least not invalid. As an initial matter, the 2019 opinion did not conclude the Nisewander Trust was valid. Otherwise, there would be no need for a retrial on the merits of a petition which placed the validity of the Nisewander Trust at issue. More importantly, Weigold's appeals are not moot merely because Rosenstein's misconduct resulted in the invalidation of the trust. The fee award against Weigold was based on his inability to overcome the statutory presumption of undue influence. The 2019 opinion established that Weigold was able to overcome the presumption, and thus no fee award could be assessed against him.

In sum, Weigold has not shown he has standing to bring the claims alleged in his petition. The trial court properly denied his petition with prejudice. Because we have affirmed the court's ruling for lack of standing, we need not address the alternative grounds for the court's August 16, 2024 judgment.

## DISPOSITION

The August 16, 2024 judgment is affirmed. Respondents are entitled to their costs on appeal.

DELANEY, J.

WE CONCUR:

MOTOIKE, ACTING P. J.

MOORE, J.

10