

# FILED

NOV 20 2018

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br><br>JUANA MEDINA,<br><br>                Debtor.<br>————————————————<br>JUANA MEDINA,<br><br>                Appellant,<br><br>v.<br><br>DANIEL'S JEWELERS,<br><br>                Appellee. | BAP No. SC-18-1120-LSF<br><br>Bk. No. 3:17-bk-03963-LA13<br><br><br><br>**MEMORANDUM**<sup>*</sup> |

Argued and Submitted on October 25, 2018
at Pasadena, California

Filed – November 20, 2018

Appeal from the United States Bankruptcy Court
for the Southern District of California

Honorable Louise DeCarl Adler, Bankruptcy Judge, Presiding

———————————

    <sup>*</sup>This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Appearances:    Michael G. Doan argued for Appellant; Richard William Snyder argued for Appellee.

Before: LAFFERTY, SPRAKER, and FARIS, Bankruptcy Judges.

## INTRODUCTION

Debtor Juana Medina appeals the bankruptcy court's order overruling her objection to the claim of Appellee Daniel's Jewelers[1] and granting Daniel's related motion to quash discovery requests. Ms. Medina objected to the $879.82 claim on grounds that it was barred by the applicable statute of limitations. The bankruptcy court overruled the objection for lack of prosecution when Ms. Medina, without explanation, failed to appear for a scheduled evidentiary hearing on the issue of when she last made a payment to Daniel.

We find no abuse of discretion in the bankruptcy court's overruling of the objection and thus AFFIRM that ruling. The appeal of the bankruptcy court's ruling on the claim objection renders the discovery

---

[1]Daniel's Jewelers assigned its claim to Merchants Acquisition Group LLC ("MAG") on November 3, 2017. Appellee's counsel refers to Appellee as "Sherwood Management Co., Inc. dba Daniel's Jewelers and Merchants Acquisition Group, LLC dba Merchants Credit Solutions." For ease of reference and consistency with the bankruptcy court's decision, we refer to Appellee as "Daniel."

ruling moot. We therefore DISMISS that aspect of the appeal for lack of jurisdiction.

FACTUAL BACKGROUND

Ms. Medina filed a chapter 13[2] petition on June 30, 2017. On Schedule E/F, she listed an undisputed $422 nonpriority unsecured debt to "S M C/Daniels Jewelers," described as a "charge account." Her chapter 13 plan, which provided for a pro rata distribution of $4,500 to holders of unsecured claims, was confirmed without objection on October 4, 2017.

On October 25, 2017, Daniel filed a proof of claim in the amount of $879.82, of which $678.79 was alleged to be secured by a purchase money security interest in a ring, leaving the remaining $201.03 unsecured. Attached to the proof of claim was a statement of account and a copy of a signed credit agreement. The next day, Ms. Medina filed an objection to that claim on grounds that the last payment on the account was made more than four years prior to the bankruptcy filing and thus the claim was barred by the applicable statute of limitations.[3] She also requested an award of attorney's fees under California Civil Code § 1717. That same day,

---

[2]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[3]Ms. Medina also objected to the claim on the ground that it did not include an itemized statement of account or a copy of the writing on which it was based. She later withdrew those baseless objections.

Ms. Medina propounded discovery on Daniel, consisting of fourteen interrogatories, fourteen requests for admissions, and fifteen document requests (the "Initial Discovery"). Daniel did not respond to the Initial Discovery under the erroneous assumption that no contested matter was yet pending.

Over the next few weeks, Daniel filed an opposition to the claim objection, Ms. Medina filed a reply, and Daniel filed a surreply. Ms. Medina also amended her schedules to show the debt as "disputed." She filed a declaration stating that she was no longer in possession of any of the jewelry securing the debt to Daniel and that she did not recall making any payments to Daniel since May of 2013. She then filed a motion in limine to preclude Daniel from contesting the issues deemed admitted by its failure timely to answer the requests for admission propounded in the Initial Discovery.

On January 5, 2018, the bankruptcy court issued a tentative ruling in which it struck Daniel's surreply but stated that Daniel could argue the "new facts (re: payment dates by debtor) in court." The tentative also sustained the objection in part and denied it in part, finding that the proof of claim was prima facie valid and, "[a]t best, if the statute of limitations expired prepetition (and the Reply to Reply alleges otherwise), this claim is

unsecured to the extent of $201.03."[4] With respect to attorney's fees, the tentative stated that the court had been unable to locate a legible attorney's fee clause in the copy of the credit agreement provided to the court.

At the hearing on the claim objection on January 10, 2018, the court concluded that resolution of the statute of limitations issue required a determination of the date Ms. Medina had made her last payment to Daniel. The court set the matter for an evidentiary hearing on January 24. Ms. Medina's counsel, Christopher Bush, stated that he was uncertain whether his client would be available on that date, to which the court responded that the evidentiary hearing could be rescheduled so long as Mr. Bush notified the court by January 16. Mr. Bush did so, but because Daniel did not stipulate to a continuance, counsel for both parties appeared at the scheduled January 24 hearing.

At that hearing, the court continued the evidentiary hearing to February 21. Mr. Bush suggested that the hearing be continued to March 7 to be heard concurrently with Ms. Medina's recently filed motion to compel, which sought an order compelling Daniel to respond to the Initial

---

[4]The wording in the court's tentative is confusing, but it appears to be an acknowledgment that Ms. Medina's confirmed plan did not provide for any secured claim by Daniel. *See Shook v. CBIC (In re Shook)*, 278 B.R. 815, 826 (9th Cir. BAP 2002) (creditor with express notice of its proposed treatment in chapter 13 plan is required to object to it or be bound by it). This does not mean than Daniel lost its lien, if any, by virtue of the confirmed plan, but only that it was not entitled to treatment as a secured creditor under the plan. *See id.* at 824-25. During subsequent hearings, Daniel's counsel and the court both referred to the claim as an unsecured claim for $201.03.

Discovery and was noticed for hearing on March 7. Daniel objected to a continuance of the evidentiary hearing, noting that it had provided an accounting to Ms. Medina showing that the last payment had been made in June 2013 so that the discovery requests were unnecessary. The court suggested that Daniel move to "quash" the Initial Discovery and scheduled the evidentiary hearing for February 21, warning Mr. Bush: "And your client better be here; and if she's not, the matter will be against your client, along with fees toward counsel, because that's when the court's setting this for hearing." The court thereafter issued a minute order which provided: "Hearing continued to 2/21/18 at 3:00 for Evidentiary hearing. Debtor to be present or it will be against her along with fees towards Counsel."

Two days later, Ms. Medina's counsel filed an ex parte motion to continue the evidentiary hearing "until discovery is complete and in light of the present unconfirmed deposition set for February 20, 2018" and because Ms. Medina was unable to attend the February 21 hearing. Although the motion was supported by counsel's declaration stating that Ms. Medina could not appear, there was no declaration from Ms. Medina (or anyone else) explaining why. The bankruptcy court denied the motion.

On February 8, 2018, Daniel filed an "Ex Parte Omnibus Motion to Quash Discovery Devices, Deny Motion in Limine, and Impose Sanctions"

(the "Motion to Quash").[5] The Motion to Quash alleged that discovery requests propounded on October 26, 2017, January 11, 2018, and January 25, 2018 were not properly signed; alternatively, Daniel requested that the court sanction Ms. Medina and/or her counsel under Civil Rule 26(g)(3) (applicable in bankruptcy via Rule 7026) because discovery was propounded for an improper purpose. The court did not sign the proposed order because the matter had not been set for hearing and because the order was not signed by the filing attorney. Although Daniel never filed a notice of hearing or a motion to shorten time, on February 13, 2018, the court entered an order shortening time so the matter could be heard on February 21.

At the February 21 hearing, the court granted Daniel's Motion to Quash in part and denied it in part without prejudice. The court granted the motion as to the Initial Discovery on grounds that (I) it was premature; and (ii) it was interposed for an improper purpose and was an abuse of discovery in violation of Civil Rule 26(g)(1)(B)(ii)-(iii)[6] because the expense

_____

[5]As noted by the bankruptcy court, the Motion to Quash was in essence a motion (or cross-motion) in limine with respect to the initial propounding of discovery.

[6]Those subsections provide:

(g) **Signing Disclosures and Discovery Requests, Responses, and Objections.**

(1) **Signature Required; Effect of Signature.** Every disclosure

(continued...)

7

and burden of the Initial Discovery was not justified by the dollar amount at stake and because it was unreasonable to propound discovery for a claim objection before knowing whether it would be opposed, whether the claimant would exchange information voluntarily, and what issues would be contested. Based on these findings, the bankruptcy court found that the imposition of sanctions under Civil Rule 26(g)(3)[7] was warranted and

---

[6](...continued)
under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name--or by the party personally, if unrepresented--and must state the signer's address, e-mail address, and telephone number. By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:
. . .
      (B) with respect to a discovery request, response, or objection, it is:
. . .
      (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
      (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

[7]That subsection provides:

**(3) Sanction for Improper Certification.** If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

concluded that an appropriate sanction would be to grant the Motion to Quash. The court denied Daniel's request for attorney's fees without prejudice to Daniel filing a separate request for fees.[8]

Ms. Medina did not appear at the evidentiary hearing. Her counsel requested another continuance, which the bankruptcy court denied. The court noted that it had ordered Ms. Medina to appear and had denied her ex parte motion for a continuance. It also noted that no testimony from Ms. Medina had been presented explaining why she could not appear:

> [T]here is no evidence in this record of any compelling reason, other than the convenience of counsel, not to show up today with his client in tow. There's nothing like: I'm in hospital. There's nothing like: I begged, pleaded and jumped up and down and could not get the day off from work or an hour off from work or any time off from work. There's nothing in the record. The record is silent as to why Ms. Medina has not shown up today. And so there were no grounds for the continuance when I denied it on the ex parte request. There were no grounds on [sic] the continuance when I denied the request made in open court on the 24th of January. She had a month to get her affairs in order. Today's the 21st. Today's the day she needed to show up. She hasn't shown up, the record will so reflect.

Accordingly, the court overruled the objection to claim "based on the failure of the objector to appear in prosecution of that matter." The court entered its Order: (1) Overruling Objection to Claim No. 3 filed by Daniel's

---

[8]To date, Daniel has not filed a motion for attorney's fees.

Jewelers; and (2) Granting, in Part, Motion of Daniel's Jeweler's to Quash Discovery Devices, Deny Motion *in Limine* and Impose Sanctions" (the "Order") on April 27, 2018. Debtor timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction over the appeal of the court's overruling of the objection to claim under 28 U.S.C. § 158.

## ISSUES

Did the bankruptcy court abuse its discretion in overruling Debtor's objection to Daniel's proof of claim for failure to prosecute?

Should the appeal of the bankruptcy court's ruling on the Motion to Quash be dismissed as moot?

## STANDARDS OF REVIEW

We review the bankruptcy court's decision to dismiss a claim objection for failure to prosecute for an abuse of discretion. S*ee Lee v. Roessler-Lobert (In re Roessler-Lobert)*, 567 B.R. 560, 567 (9th Cir. BAP 2017) (dismissal of adversary proceeding for failure to prosecute). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or makes factual findings that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *See TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011) (citing *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir.

10

2009) (en banc)).

The Panel will overturn a dismissal sanction only if it has a definite and firm conviction that it was clearly outside the acceptable range of sanctions. *In re Roessler-Lobert*, 567 B.R. at 567.

We may affirm on any basis supported by the record. *Caviata Attached Homes, LLC v. U.S. Bank, Nat'l Ass'n (In re Caviata Attached Homes, LLC)*, 481 B.R. 34, 44 (9th Cir. BAP 2012).

## DISCUSSION

### A.     The bankruptcy court did not abuse its discretion in overruling Debtor's objection to claim for failure to prosecute.

A bankruptcy court has inherent power to dismiss a case sua sponte for lack of prosecution. *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).[9] Dismissal is a harsh penalty that should be imposed only in extreme circumstances and must be supported by a showing of unreasonable delay. *Id.*

In determining whether to dismiss a case for lack of prosecution, the bankruptcy court must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." *Id.*

---

[9]Because Civil Rule 41 applies in contested matters, *see* Rule 9014(c), we look to cases decided under that rule for the applicable legal standards.

(citations omitted). "Ideally, the bankruptcy court should make explicit findings concerning these factors, but such findings are not required. In the absence of such findings, the appellate court must review the record independently to determine whether the dismissal was an abuse of discretion." *In re Roessler-Lobert*, 567 B.R. at 568 (citing *Henderson*, 779 F.2d at 1424).

The bankruptcy court overruled Ms. Medina's claim objection because she failed to appear at the scheduled evidentiary hearing after her counsel had been warned, both orally and in writing, that if she did not appear, the court would rule against her. The bankruptcy court also based its ruling on the fact that no evidence had been presented offering a justification for Ms. Medina's nonappearance.

Although the bankruptcy court did not make explicit findings regarding each of the relevant factors, given the small amount at issue, we are justified in inferring the existence of the factors from our review of the record. Those factors support the bankruptcy court's ruling. The first two factors–the public's interest in expeditious resolution of litigation and the court's need to manage its docket–weigh in favor of dismissal. The matter had been pending for four months and had generated numerous filings and three hearings. This level of activity was disproportionate to the amount at issue and the fact that the sole issue to be decided was the date of Ms. Medina's last payment to Daniel. Importantly, Ms. Medina does not

argue that she was unduly prejudiced by the court's ruling.[10] The public policy favoring disposition on the merits weighs slightly against dismissal, but not enough to outweigh the other factors. Finally, with respect to the availability of less drastic sanctions, "[a]n explicit discussion of alternatives is not mandatory, especially if the court actually tried alternatives or warned the plaintiff before ultimately dismissing the case." *In re Roessler-Lobert*, 567 B.R. at 570 (citing *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1454-55 (9th Cir. 1994)). Here, the bankruptcy court, after continuing the hearing once, explicitly warned Ms. Medina's counsel, both orally and in writing, that if his client did not appear for the February 21 evidentiary hearing, the court would rule against her. Under these circumstances, the court's ruling against Ms. Medina was not "clearly outside the acceptable range of sanctions." *Id.* at 567.

Ms. Medina argues that the court erred in overruling her claim objection "by default." She contends that she was unable to appear at the February 21 hearing due to her work schedule. But no evidence of this was included with her ex parte motion to continue the evidentiary hearing. The

---

[10]As noted, Ms. Medina's confirmed plan called for approximately $4,500 to be paid pro rata to nonpriority unsecured claims. The overruling of Ms. Medina's claim objection would thus slightly reduce the distribution to the holder of each allowed unsecured claim but would have no impact on Ms. Medina's financial circumstances or her ability to complete the plan. Arguably, after the bankruptcy is completed, Daniel could attempt to enforce its security interest, but Ms. Medina has not made this argument, nor is such a scenario likely given the amount at issue and her assertion that she no longer owns any of the collateral.

motion and the supporting declaration of counsel stated only that "[t]he Debtor is unable to attend the February 21, 2017 [sic] hearing." Ms. Medina points out the bankruptcy court's erroneous statement in its written findings that "counsel appeared at the January 24 hearing and confirmed in open court that the February 21 date was convenient for the Debtor. The Court continued the evidentiary hearing to that date to accommodate the Debtor." In fact, the transcript of the January 24 hearing reflects that the clerk informed the court that she had previously given Mr. Bush the February 21 date for the continued evidentiary hearing; although Mr. Bush did not confirm that date, he did not object to it. Thus, even though the bankruptcy court incorrectly recounted the colloquy regarding the hearing date, that error did not impact the propriety of its ruling.

**B.     The bankruptcy court made no substantive ruling on the claim objection.**

Ms. Medina also argues that the bankruptcy court erred in overruling her claim objection because her declaration established that the statute of limitations had expired and because Daniel was deemed to have admitted that the account was past the statute of limitations when it failed to answer Ms. Medina's requests for admissions. In addition, Ms. Medina argues that the bankruptcy court erred in ruling that the claim was partially secured.

But the bankruptcy court made no substantive ruling regarding whether the statute of limitations had expired, nor did it rule that the claim

was partially secured. Accordingly, these arguments are irrelevant to the issues on appeal.

**C.**     **The appeal of that portion of the Order granting Daniel's Motion to Quash in part is rendered moot by the affirmance of the court's order overruling the claim objection.**

An appeal becomes moot if no effective relief can be granted. "We cannot exercise jurisdiction over a moot appeal." *Ellis v. Yu (In re Ellis)*, 523 B.R. 673, 677 (9th Cir. BAP 2014) (citing *United States v. Pattullo (In re Pattullo)*, 271 F.3d 898, 900 (9th Cir. 2001)). Here, the bankruptcy court's overruling of Ms. Medina's claim objection was based solely on her failure to prosecute. It was not predicated upon any of the discovery rulings, as the bankruptcy court never reached the merits of the objection. Because we are affirming the bankruptcy court's order overruling the claim objection, we cannot grant any effective relief from the bankruptcy court's order on the Motion to Quash even if we were to reverse it. Thus, there is no "present live controversy" and the appeal of that portion of the order is moot. *See Allard v. DeLorean*, 884 F.2d 464, 466 (9th Cir. 1989).[11]

## CONCLUSION

For these reasons, we AFFIRM the bankruptcy court's overruling of Ms. Medina's objection to claim for her failure to prosecute. Our affirmance

---

[11]Even if we were to consider the merits of the court's ruling on the Motion to Quash, the record fully supports the bankruptcy court's granting of Civil Rule 26(g) sanctions.

of that ruling renders moot the issues presented by the Motion to Quash, thus we DISMISS the appeal of that ruling.